**In re William R. ROGERS, Debtor.**

**Bankruptcy No. 91–20341–C–13.**

United States Bankruptcy Court,
W.D. Missouri,
Central Division.

May 26, 1992.

Noel Magee, Columbia, Mo., for debtor.

Michael G. Berry, Jefferson City, Mo., for ITT.

Rick Fink, Chapter 13 Trustee.

## AMENDED ORDER

FRANK W. KOGER, Chief Judge.

The question facing the Court is one of good faith filing. Although the term "good faith" is not found in 11 U.S.C. § 1325 as a sole condition precedent to confirmation, the Eighth Circuit (en banc) has left no doubt but that same is an essential element underpinning any Chapter 13 filing. *In re LeMaire*, 898 F.2d 1346 (8th Cir.1990). Against that backdrop, the following facts were disclosed at a Chapter 13 confirmation hearing.

Debtor filed his petition for relief on or about April 16, 1991. Among the debts listed were unpaid child support arrearage of $14,500.00 and a debt to ITT secured by a 12 gauge Browning shotgun. Debtor listed an estimated average, current monthly income of $1,125.00 take home pay and an estimated, average, current monthly expenditure of $1,423.00. Thereafter ITT filed an adversary action to contest dischargeability and on November 14, 1991, this Court entered an order approving a stipulation that said debt was not dischargeable. The stipulation was entered into on the eve of trial set for November 6, 1991. Shortly thereafter, the debtor, although apparently not on the road to Damascus, experienced an event that led to his conversion. Conversion that is from Chapter 7 to Chapter 13.

The debtor contends that the event was a determination that he owed only some $4,000.00 in child support. However, his proposed Chapter 13 plan states that he owes support arrearage of $2,016.00 to Rebecca Heet for Shane Rogers and support arrearage of $12,285.00 to Rebecca Rogers for Chelci Rogers. The support payments to be made under the plan total $450.00 per month. The Court has been unable to locate any new budget in the filings, so it presumes that the only difference in the debtor's income and outgo is to reduce the $625.00 payment listed in the original budget for child support to the $450.00 contemplated by the new plan. Unfortunately, that still leaves debtor with estimated, average, current monthly expenses of $1,248.00 or $123.00 in excess of his estimated, average, current monthly income.

The plan provided for payment of the child support arrearage (as well as ITT's claim) at the expense of debtor's other unsecured creditors. That caused the Chapter 13 Trustee to object to confirmation. The fact that ITT might not receive its full payment caused it to object also. The Trustee's objection is well taken as to the treatment of ITT. The Eighth Circuit has ruled that child support arrearage debts which theoretically are unsecured debts of equal stature as other unsecured debts, may be classified differently and paid in full at the expense of other unsecured creditors. *In re Leser*, 939 F.2d 669 (8th Cir.1991). ITT is another matter. It is an unsecured creditor, whose claim of nondischargeability in Chapter 7, increases its classification not one whit in a Chapter 13. *In re Saulter*, 133 B.R. 148 (Bkrtcy. W.D.Mo.1991). This, of course, causes ITT's good faith objection to confirmation.

The Court finds that debtor's conversion was not divinely inspired and concludes that the Chapter 13 plan was not filed in good faith. The three principal reasons therefor are (1) the fact that debtor's budget is either false or he cannot make the payments he proposed; (2) the conversion was immediately after the nondischargeability stipulation; and (3) debtor has dogged every step of every proceeding in this Court. He has missed § 341 meetings; he has started Chapter 13 payments late; it is over a year since debtor dived into this

process and he still is not paying his child support, his creditors, or anyone else. While hard to qualify or quantify, the Court has the general feeling debtor is simply engaged in avoiding his obligations—not trying to reorganize his affairs.

For all of these reasons confirmation is DENIED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.